**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 00-41287

Summary Calendar

Dionel de la Cruz,

Plaintiff-Appellant,

VERSUS

Texas Visiting Nurse Service, Inc.,

Defendant-Appellee.

Appeal from the United States District Court
For the Southern District of Texas

(M-99-CV-67)

September 27, 2001

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Dionel de la Cruz appeals the district court's grant of summary judgment for Texas Visiting Nurse Service, Inc. ("TVNS"). Mr. de la Cruz argues that genuine issues of material fact exist as to his claim of gender discrimination under 42 U.S.C. § 2000e-5.

We review a district court's grant of summary judgment de

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

novo. <u>Chaney v. New Orleans Pub. Facility Mgmt., Inc.</u>, 179 F.3d 164, 167 (5th Cir. 1999); <u>Grimes v. Texas Dep't of Mental Health & Mental Retardation</u>, 102 F.3d 137, 139 (5th Cir. 1996). "Summary judgment is appropriate when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." <u>Grimes</u>, 102 F.3d at 139 (citing Fed. R. Civ. P. 56(c)). In employment discrimination cases, the question is whether a genuine issue of fact exists as to whether the defendant intentionally discriminated against the plaintiff. <u>Id.</u> Unsubstantiated assertions are not competent summary judgment evidence. <u>Chaney</u>, 179 F.3d at 167; <u>Grimes</u>, 102 F.3d at 139.

Title VII prohibits employers from discriminating against employees on the basis of gender. 42 U.S.C. § 2000e-2(a)(1). To defeat a motion for summary judgment, a Title VII plaintiff must initially make a prima facie case of discrimination. A plaintiff makes a prima facie case of discrimination by showing that: (1) he is a member of a protected class; (2) he was qualified for the position he held; (3) he was terminated; and (4) after his termination, the employer hired a person not of plaintiff's protected class. <u>See</u> <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802 (1973); <u>Grimes</u>, 102 F.3d at 140.

By establishing a prima facie case for discrimination, a plaintiff raises a presumption of discrimination, "which the defendant must rebut by articulating a legitimate, nondiscriminatory reason for its actions." <u>Shackelford v. Deloitte</u>

& Touche, LLP, 190 F.3d 398, 404 (5th Cir. 1999). The defendant meets this burden "by presenting evidence that, 'if believed by the trier of fact, would support a finding that unlawful discrimination was not the cause of the employment action.'" Rhodes v. Guiberson Oil Tools, 75 F.3d 989, 993 (5th Cir. 1996) (en banc) (quoting St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507 (1993)). If the defendant presents sufficient evidence of nondiscriminatory reasons, the plaintiff must demonstrate by a preponderance of the evidence that the defendant's reasons are not "'true reasons, but were a pretext for discrimination.'" See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 143 (2000) (quoting Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981)).

After having carefully reviewed the record on appeal, we conclude that Mr. de la Cruz failed to demonstrate a genuine issue of material fact regarding whether TVNS's nondiscriminatory reasons set forth for its actions were pretext. Therefore, we AFFIRM the district court's ruling for essentially the same reasons set forth by the magistrate judge's Report and Recommendation, which was adopted by the district court in its Order of Dismissal on October 25, 2000.